UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JESUS GARCIA,

                Petitioner,

                                                                    **Hon. Hugh B. Scott**

                v.

                                                                     05CV150

                                                                     (CONSENT)

ANTHONY ZON,

                                                                     **Order**

                Respondent.
_____

       Before the Court is respondent's motion to dismiss the Habeas Petition (Docket No. 1, Mar. 7, 2005) for failure to state a claim (Docket No. 5). That motion also sought an extension of time to file a response to the Petition and a stay of proceedings until this Order was rendered (Docket No. 5); by separate Order (Docket No. 7), the Court granted the extension and stay sought by respondent. The Court also set a briefing schedule for the motion to dismiss, with responses due by May 6, 2005, any reply by June 1, 2005, and the motion being deemed submitted as of June 1, 2005 (Docket No. 7). Petitioner filed a responding memorandum (Docket No. 8) and respondent did not file a reply.

       This Court granted petitioner, proceeding pro se, permission to proceed in forma pauperis (Docket No. 4). The parties consented to proceed before the undersigned as Magistrate Judge (Docket No. 9, July 21, 2005).

## BACKGROUND

       Petitioner is an inmate in the Wende Correctional Facility following his conviction in New York State Supreme Court, Genesee County, for second degree murder, currently serving a

twenty years to life sentence (see Docket No. 1, Pet. at 1; but cf. Docket No. 3, Pet. Memo. of Law at 1, ¶ 3), stating that he was sentenced to 25 years to life).  He filed this Petition (Docket No. 1) on March 7, 2005, and filed a Memorandum of Law in support of the Petition (Docket No. 3), which he incorporates into the Petition (Docket No. 3, at 2, ¶ 12)).  Petitioner was born in Mexico and a Spanish speaker who does not speak English, and he has a fifth grade education and is unable to spell his name or read effectively.  He testified in his trial, but had difficulty following the questions posed by the prosecution and the defense.  He was tried with codefendant Heriberto Sandoval in a two-count indictment for murder.  (Docket No. 3, at 3, 7.)  Sandoval entered into a guilty plea and then testified against petitioner (id. at 3) and received a sentence of fifteen years to life (id. at 8).

On April 14, 2000, Augustyn Omar Bello-Suarez was found dead on the north shoulder of Lockport Road in Oakfield (id. (citing TM 34, 39, 40, 41)).  The autopsy revealed that death was caused by blunt force trauma (see id. at 5-6).  Petitioner points out that none of the physical evidence found at the scene indicates petitioner's involvement (id. at 4-5).

The motive for the crime was $2,000 stolen from petitioner, with petitioner angered by the theft and Sandoval committing the murder in response to the theft (id. at 7).  Two witnesses, however, testified that petitioner indicated a desire to kill the victim over the stolen money (id. at 11).  Sandoval testified that petitioner bear hugged the victim while Sandoval beat the victim with a stick (id.).

Petitioner appealed to the New York Supreme Court, Appellate Division, Fourth Department arguing that the People failed to establish the essential elements of the offense of murder in the second degree beyond a reasonable doubt; that the verdict was against the weight

2

of the evidence; and that the sentence was harsh and excessive.  The Fourth Department affirmed the judgment of conviction, People v. Garcia, 1 A.D.3d 935, 767 N.Y.S.2d 753 (4th Dep't 2003) (Docket No. 3, Pet. Memo. addendum), holding (pertinent to the present Petition) that the evidence, viewed in the light most favorable to the People, was legally sufficient to support petitioner's conviction and the verdict was not against the weight of the evidence.  The Fourth Department relied exclusively upon state law grounds for its decision.  The New York State Court of Appeals denied leave to appeal, People v. Garcia, 2 N.Y.3d 740, 778 N.Y.S.2d 465 (2004) (Docket No. 3, Pet. Memo. addendum).

## DISCUSSION

I.   Habeas Standard

   A.   Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the Petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that petitioner has exhausted his state court remedies. In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

B.        Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

>  (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>  (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts. Smith v. Sullivan, 1 F. Supp. 2d 206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); Nevius v. Sumner, 852 F.2d 463, 469 (9th Cir.

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

1988), cert. denied, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in Smith, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way."  Smith, supra, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct," unless certain specified exceptions existed.  When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d).  The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'"  Ford v. Ahitow, 104 F.3d 926, 936 (7th Cir.1997) (quoting Emerson v. Gramley, 91 F.3d 898, 900 (7th Cir. 1996), cert. denied, 520 U.S. 1122 (1997)); see also Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

  C. Motion to Dismiss for Failure to State a Claim

The Federal Rules of Civil Procedure, "to the extent that they are not inconsistent with any statutory provisions or [the rules governing Habeas Corpus Petitions] may be applied to a" habeas corpus proceeding.  Rule 11 of Rules Governing Section 2254 Cases in the United States District Court.  Respondent here has moved to dismiss the Petition on the grounds that it fails to state a claim for which relief can be granted.  Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court can not dismiss a Petition unless it appears "beyond doubt that the plaintiff

can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). This is especially true with pro se pleadings; the pro se's pleadings are held to a less stringent standard than formal pleading from an attorney. Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

II.   Proof of Elements of Offense

Petitioner contends that the People failed to establish the essential elements of the offense of murder in the second degree beyond a reasonable doubt, arguing that the People did not establish that he consciously caused the death of the victim. He believes that a rational jury would find that his co-defendant was the person responsible for the victim's death and that petitioner lacked the conscious objective to cause the death (Docket No. 1, Pet. ¶ 22(A)). He argues that a rational jury could harbor reasonable doubt whether petitioner had the requisite intent to kill the victim (Docket No. 3, at 9). The evidence against him was the testimony of codefendant Sandoval, who plead guilty to the offense and whose testimony varies from that of

petitioner (id.).  He argues that there was no corroboration for Sandoval's testimony and no physical evidence to link petitioner to this crime (id. at 9, 11-12).

Petitioner, however, is entitled to habeas relief on this ground only if, viewing the evidence in the light most favoring the People, no rational trier of fact could have found proof of guilt beyond a reasonable doubt of all the elements of the offense based upon the evidence adduced at trial.  Jackson v. Virginia, 443 U.S. 309, 324, 318-19 (1979).  "This guiding principle recognizes that it is 'the responsibility of the trier of facts to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'"  Young v. Abrams, 698 F.2d 131, 135 (2d Cir. 1983) (quoting Jackson, supra, 443 U.S. at 319).  Jackson imposes "a very heavy burden" upon petitioner challenging the legal sufficiency of his conviction.  Einaugler v. Supreme Court of State of N.Y., 109 F.3d 836, 840 (2d Cir. 1997).  Petitioner argues that the evidence was legally insufficient to establish the essential elements of the offense (Docket No. 3 at 10), but the standard is based upon the evidence adduced and viewed in the prosecution's favor whether any rational trier of fact could have found proof of guilt beyond a reasonable doubt.  Here, there was sufficient evidence, when viewed under this standard, for a rational fact finder to find petitioner guilty.  Under AEDPA, petitioner does not show that the verdict and judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1).  For this reason, petitioner's claim on this ground **fails**.

III.    Weight of the Evidence

Petitioner next contends that the verdict was against the weight of the evidence, that there was no proof that would support that petitioner intentionally committed the murder (Docket

No. 1, Pet. ¶ 22(B)).  He argues that the only key evidence against him was the testimony of codefendant Sandoval, which petitioner contradicted in his own testimony (Docket No. 3, Pet. Memo. at 13).  Petitioner, however, cites the New York standard for reviewing the weight of the evidence (cf. Docket No. 3, Pet. Memo. at 13) and no constitutional or federal standard.  This Court cannot review, on federal habeas, the weight of the evidence to sustain a conviction.  See Young, supra, 698 F.2d at 135.  This claim does not present a federal constitutional issue and, therefore, must be **denied**.

IV.     Petitioner's Language

Petitioner suggests in his responding papers that his language barrier as a Spanish speaker may have inhibited him during his trial (Docket No. 8, Pet. Reply Memo at unnumbered page 3; Docket No. 3, Pet. Memo. at 3, 7), complaining that he had different interpreters during each day of the trial speaking different dialects (Docket No. 8, at unnumbered page 3).  But cf. Fairbanks v. Cowan, 551 F.2d 97, 99 (6th Cir. 1977) (rulings on appointment qualifications of interpreter does not rise to level of constitutional violation and petitioner needed to object to preserve the issue for review).  The Petition, however, does not argue this as a claim and it does not appear that petitioner either raised this on appeal or objected to this during the conduct of the trial.  If he is attempting to raise this as a claim now, it fails because it was not exhausted before the state courts, 28 U.S.C. § 2254(b), and procedural default in not raising this claim in the state courts, see Harris v. Reed, 489 U.S. 255 (1989); Wainwright v. Sykes, 433 U.S. 72 (1977).  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  See Harris, supra, 489 U.S. 255.  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal

through contemporaneous objection.  Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam).  Thus, if this is in fact a claim, federal habeas review of it is **denied**.

V.    Certificate of Appealability

An appeal from a final order in a habeas corpus proceeding involving process issued by a state court requires a certificate of appealability before an appeal can be taken.  28 U.S.C. § 2253(c)(1)(A).  Under that statute "a certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2); see Miller-El v. Cockrell, 537 U.S. 322 (2003).  As discussed above, the claims raised by petitioner here do not make a substantial showing of the denial of a constitutional right.  Petitioner fails to allege denial of a constitutional right.  Thus, the Court **declines** to issue a certificate of appealability.

**CONCLUSION**

For the reasons stated above, respondent's motion to dismiss the Habeas Petition (Docket No. 1) for failure to state a claim (Docket No. 5) is **granted**.  The Court Clerk is instructed to enter judgment consistent with this Order and close this case.  The Court also **declines** to issue a certificate of appealability.  Pursuant to Fed. R. App. P. 22(b)(1), petitioner may request a circuit judge of the United States Court of Appeals for the Second Circuit to issue the certificate.

So Ordered.

                                                    s/HBS
                                                Hon. Hugh B. Scott
                                       United States Magistrate Judge

Dated: Buffalo, New York
        July 26, 2005